Jessie **HARTFIELD**, Appellant,

v.

**STATE OF MISSISSIPPI**, Appellee.

Carrie D. **LAPSY** et al., Appellants,

v.

**CITY OF JACKSON**, Appellee.

Henry **HORN** et al., Appellants,

v.

**STATE OF MISSISSIPPI**, Appellee.

Ralph Edwin **KING**, Jr., et al., Appellants,

v.

**STATE OF MISSISSIPPI**, Appellee.

Stephen **RUTLEDGE**, Appellant,

v.

**CITY OF JACKSON**, Appellee.

Nos. 22574–22577, 22720.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1966.

Barbara A. Morris, Robert L. Carter, New York City, R. Jess Brown, Jack H. Young, Jackson, Miss., for appellants.

Elizabeth Grayson, J. A. Travis, Jr., E. W. Stennett, Thomas H. Watkins, Jackson, Miss., for appellees.

Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.

PER CURIAM.

On motion of appellants, these Removal Cases, 28 U.S.C. § 1443, were argued and submitted as a unit at New Orleans, February 2, 1966. After the appeals had been calendared, however, the Supreme Court granted certiorari in the *Peacock* and *Rachel* cases. Those cases have been decided and control the Judgments we are now about to enter.

Summarizing very briefly, the State Court prosecutions were as follows:

NO. 22,574—Hartfield v. State. Appellant was charged with violation of Section 2409.7 Mississippi Code Annotated (1942)—"Trespass—going into or upon, or remaining in or upon, building, premise or lands of another after being forbidden to do so." On May 29, 1963, appellant, a Negro, sought service in Primos Restaurant on Capitol Street in Jackson. Her request was refused and she was asked to leave the premises. Upon refusing to do so, she was arrested and charged with violation of the beforementioned statute.

NO. 22,575—Lapsy, et al. v. City of Jackson. Appellant was arrested along with thirty-one others for parading without a permit in violation of City Ordinance No. 594. A permit had been requested and refused prior to the march. Appellants conducted their marches and were charged with a breach of the ordinance.

NO. 22,576—Horn, et al. v. State. Appellant Horn was arrested while picketing various businesses on Capitol Street. He was charged with violating City Ordinance 594 relative to parading without a permit, and appellant Haugh was charged with violating Section 2296.5 Mississippi Code Annotated (1942). "Obstructing public streets, etc.—wilful obstruction of, or interference with, use or passage."

NO. 22,577—King, et al. v. State. On May 30, 1963, appellants gathered on the steps of the United States Courthouse and Federal Building in Jackson to express their dissatisfaction with the racial situation in that City. A large crowd gathered, appellants were asked to leave, refused to do so, and were arrested and charged with violating Section 2087.5 Mississippi Code Annotated (1942).

NO. 22,720—Rutledge v. City of Jackson. Appellant was arrested on June 13, 1963, while observing a civil rights parade from the front porch

of a house. He was charged with using loud and boisterous language which disturbed the peace in violation of a city ordinance. By affidavit he claims that at the time arrested he was standing quietly on private property and did not disturb the peace. He alleges instead that the real reason for arrest was his publication of "dissatisfaction with racial practices in Jackson".

 NO. 22,574, Hartfield v. State, is clearly controlled by State of Georgia, Petitioner, v. Rachel et al., 1965, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, decided June 20, 1966. It was there held that a petitioner such as Hartfield would be entitled to a hearing in the District Court affording an opportunity to establish that he was ordered to leave the restaurant facilities solely for racial reasons. Further, if such were the case, he would be immune to prosecution in any court under the provisions of the Civil Rights Act of 1964 and the decision in Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed. 300.

██ This alone does not settle the case, however, for we have a question as to what kind of hearing this appellant was afforded. The record before us shows that on the question of remand both sides filed supporting affidavits, which were heard and considered by the Court. The record reveals no profert of oral testimony. Neither does it intimate that appellant was denied an opportunity to present his full case as he saw fit. The trial court remanded because it was "of the opinion that this Court is without jurisdiction". This, of course, was long prior to Rachel. We, therefore, remand No. 22,574, Hartfield v. State of Mississippi to the District Court for a hearing according to the Rachel standards.

██ The remaining cases appearing by number and title in the caption of this opinion are clearly controlled by the decision in the Peacock Case, (City of Greenwood, Miss. v. Peacock) 1965, decided June 20, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. Therefore, the Judgments in these cases are affirmed.

As to Hartfield v. State, the Judgment of the District Court is vacated for further proceedings consistent herewith; as to all the others, affirmed.